AUGUSTUS B. HART, Appellant, *v.* BENTON-BELLEFONTÁINE RAILWAY COMPANY, Respondent.

### July 1, 1879.

The road-bed, rails, and right of way of a railroad are not personalty; and when sold by the sheriff, the requisites for an execution sale of realty must be observed.

APPEAL from St. Louis Circuit Court.
*Affirmed.*
MARSHALL & BARCLAY, for appellant.
J. M. & C. H. KRUM, for respondent.

LEWIS, P. J., delivered the opinion of the court.

Under an execution in plaintiff's favor against the Bellefontaine Railway Company, the sheriff levied on "the road-bed, rails, and right of way" of the defendant in execution. Plaintiff, claiming to have become the purchaser at a sale made in pursuance of the levy, instituted this suit for damages, as for a conversion by defendant of his personal property.

The road-bed, rails, and right of way belonging to a railroad company are in no sense personal property. *Farmers' Loan and Trust Co.* v. *Hendrickson*, 25 Barb. 493. It is immaterial that the right enjoyed by a street-railway corpora-

tion is a mere easement in the use of the streets.    Easements are classified among incorporeal hereditaments which lie in grant.    The record in this case fails to show a valid sheriff's sale, whether the property sold were personal or real.    It nowhere appears that there was a public sale by auction, nor is it shown by what number of handbills, if any, the sale was advertised.    It is not pretended that the requisites for an execution sale of real estate were observed.    The Circuit Court did rightly in excluding the sheriff's bill of sale, and in sustaining the demurrer to the evidence.    All the judges concurring, the judgment is affirmed.